UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                                                           Case No: 8:17-mc-98-VMC-JSS

JASON ELKS, Individually and as
President of MILLENNIAL BUSINESS
SOLUTIONS, INC.,

    Respondent.
_____/

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on United States of America's Petition to Enforce Internal Revenue Service Summons ("Petition"). (Dkt 1.) Pursuant to 26 U.S.C. §§ 7402(b) and 7604(a), Petitioner, United States of America, requests an order directing Respondent, Jason Elks, to show cause and explain why he should not comply with the summonses issued by the Internal Revenue Service ("IRS").

### BACKGROUND

On February 10, 2017, the IRS issued three summonses to Respondent, a New Port Richey, Florida resident, directing him to appear before Revenue Officer Eric Lebron on March 2, 2017, to give testimony and to produce for examination and copying certain records set forth in the summonses. (Dkts. 1-3, 1-4, 1-5.) The summonses were issued pursuant to an investigation of Respondent for the collection of his individual tax liabilities for the years 2010 through 2015 and for the corporate tax liabilities of Millennial Business Solutions, Inc. ("Millennial"), of which Respondent is president, for the years 2009 through 2015, as well as Millennial's federal employment tax liabilities for the quarters ending June 30, 2016 and September 30, 2016. (Dkts.

1-1, 1-2.) The summonses were served on Respondent by personal delivery. (Dkts. 1-3, 1-4, 1-5.) According to Petitioner, Respondent failed to appear or otherwise comply with the summonses. (Dkt. 1.) Consequently, Petitioner filed the instant Petition to enforce the summonses. (Dkt. 1.)

## APPLICABLE STANDARDS

The IRS is authorized to issue a summons to aid its investigation of an outstanding tax liability. 26 U.S.C. § 7602(a). Specifically, "[a] summons may be issued to take any testimony of the person concerned and to summon the person liable for the tax to produce books, papers, records, or other data that may be relevant to the inquiry." *United States v. Morse*, 532 F.3d 1130, 1132 (11th Cir. 2008) (citing 26 U.S.C. § 7602(a)). A district court has explicit jurisdiction to enforce a summons against a person who "resides or may be found" in the district. *United States v. Rice*, 522 F. App'x 540, 541 (11th Cir. 2013) (citing 26 U.S.C. § 7402(b)).

To obtain judicial enforcement of a summons, the government must show the following: (1) the summons was issued for a legitimate purpose; (2) the information sought is relevant to the legitimate purpose for which the summons was issued; (3) the information sought is not already within the IRS's possession; and (4) the appropriate administrative steps have been followed. *United States v. Bichara*, 826 F.2d 1037, 1039 (11th Cir. 1987) (citing *United States v. Powell*, 379 U.S. 48, 57–58 (1964)). An officer's declaration is sufficient to establish a prima facie case for enforcing a summons. *See Morse*, 532 F.3d at 1132 ("The IRS may satisfy its minimal burden by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.").

## ANALYSIS

The government has established a prima facie case for enforcement of the summonses. As stated in the declarations of Revenue Officer Eric Lebron, the IRS had a legitimate purpose for the summonses to conduct an investigation of Respondent's individual and corporate tax liabilities,

the information sought (testimony, documents, and records) is relevant to that purpose, the IRS does not have this information, and all administrative steps required by the Internal Revenue Code have been followed. (Dkts. 1-1, 1-2.) Additionally, Officer Lebron attests that "[a] Justice Department referral . . . is not in effect with respect to respondent for the years at issue in this enforcement action." (Dkt. 1-1 ¶ 9; Dkt. 1-2 ¶ 9.) *See* 26 U.S.C. § 7602(d)(1) (prohibiting the issuance or enforcement of a summons to any person for whom a Justice Department referral is in effect). Accordingly, it is

**ORDERED** that United States of America's Petition to Enforce Internal Revenue Service Summons (Dkt. 1) is **GRANTED** to the extent that:

1. A copy of this Order to Show Cause, together with the Petition and its exhibits, shall be served on Respondent in accordance with Federal Rule of Civil Procedure 4 within twenty-one (21) days of this Order. *See* M.D. Fla. Local R. 6.01(c)(11) (providing that a United States Magistrate Judge is authorized to issue "an attachment or other orders to enforce obedience to an Internal Revenue Service summons to produce records or give testimony"). Pursuant to Rule 4(c)(3), the Court appoints Revenue Officer Eric Lebron, or any other person designated by the IRS, to effect service in this case. Petitioner must file an executed return of service with the Court. Fed. R. Civ. P. 4(l)(1).

2. Respondent, Jason Elks, is ordered to show cause in writing within twenty-one (21) days of the date he is served with this Order as to why he should not be ordered to comply with the IRS summonses served on him on February 10, 2017. Failure to comply with this Order will result in an order directing Mr. Elks to fully comply with the summonses and may result in sanctions.

3. The Petition is otherwise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2017.

*[Signature]*
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record